## Shetrom v. McCrone (No. 2)

*Robert E. Knupp*, for plaintiff.

*W. E. Shissler*, of *Nauman, Smith, Shissler & Hall*, for defendant.

NEELY, J., February 24, 1959.—Defendant has served upon plaintiff notice of written interrogatories and attached thereto the interrogatories which he has propounded for plaintiff's answer. The notice specified that it was served pursuant to Pa. R. C. P. 4005, which limits interrogatories as provided in Pa. R. C. P. 4011.

Under rule 4011, no discovery is permitted which, inter alia, is (1) sought in bad faith, or (2) causes unreasonable annoyance or oppression, or (3) relates to privileged matter, or (4) would disclose the existence or location of reports or other things made or secured in anticipation of litigation (other than

information as to the identity and whereabouts of witnesses), or (5) would require the making of an unreasonable investigation. Pa. R. C. P. 4007 provides that: "Any party may take . . . testimony . . . for the purpose of discovery . . . of the identity and whereabouts of witnesses," and subject to those limitations provided in rule 4011, ". . . regarding any matter . . . which is relevant. . . ."

Plaintiff has filed objections to the interrogatories and has also filed a motion for a protective order. The matter came on for argument and is now before us on this motion and these objections. Plaintiff in his brief and in his motion for protective order complains of defendant's unreasonable delay in propounding these interrogatories, particularly because defendant had previously availed himself of plaintiff's oral deposition. At the oral argument, however, plaintiff waived his objection with reference to delay, and the matter, as submitted, is now before us only on defendant's procedural right to have the interrogatories answered.

In our judgment, the interrogatories seek information which defendant is not permitted to obtain either under rule 4005, as limited by rule 4011, or under Rule 4007. The interrogatories propounded are objectionable because they seek answers in excess of the scope of information permitted under these procedural rules.* The interrogatories request plaintiff to

---

* As an example of the type of information sought by the interrogatories, we make note of defendant's second interrogatory, which reads as follows:

"2. State the names and addresses of all persons of whom you have personal knowledge who, although not witnessing the aforesaid accident, have information or knowledge as to:

"(a) the identity of the vehicles involved in the accident, or

"(b) the operation of the vehicles when they were at any point within 300 feet of the scene of the accident, or

"(c) the identity of the operators of the vehicles involved in the accident, or

furnish information not merely concerning the identity or whereabouts of witnesses, but also to inform defendant as to the particular matters in which the witness would testify.

In our judgment, rules 4005, 4007 and 4011, when read together, mean that an adverse party may have discovery, inter alia, for the purpose of determining the identity of witnesses and where they may be located; discovery, however, may not be used to compel a party to litigation to inform his adversary as to what testimony these witnesses would or could give.

The first interrogatory reads:

"1. State the names and addresses of all persons of whom you have personal knowledge who witnessed the accident which is alleged to have occurred on December 7, 1955 at the intersection of State Street and Twentieth Street in the City of Harrisburg, Pennsylvania and for which, in the above entitled action, you seek damages."

The fifth interrogatory reads:

"5. From the information available to you (whether secured by your attorney or any other person in your behalf) state the names and addresses of all persons who witnessed the accident which is alleged to have occurred on December 7, 1955 at the intersection of State Street and Twentieth Street in the City of Harrisburg, Pennsylvania and for which, in the above entitled action, you seek damages."

Since the first and fifth interrogatories merely ask the identity and whereabouts of witnesses, they should

---

"(d) the position of the said vehicles immediately *before* and/or immediately *after* the accident, or

"(e) the position of the Plaintiff immediately *after* the accident, or

"(f) the nature and extent of the damages to the Plaintiff's and Defendant's vehicles resulting from the accident."

be answered. In view of the foregoing, we herewith enter the following

### Order

And now, February 24, 1959, it is directed that plaintiff make answer to defendant's first and fifth interrogatories; the objections to all other interrogatories are sustained and a protective order is herewith issued protecting plaintiff from making answer to any other such interrogatories. The answers to the first and fifth interrogatories are to be made within 20 days so as not to delay the trial of this case at the next common pleas court beginning March 30, 1959, if it shall be listed for trial at that time.